Case: 3:05-cv-00169-bbc   Document #: 14   Filed: 04/20/05   Page 1 of 15

Document Number  Case Number
014              05-C-0169-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
04/20/2005 09:39:58 AM CDT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JT PACKARD & ASSOCIATES, INC.,

        Plaintiff,

v.

ANTHONY M. SMITH and
ON POWER SERVICES,

        Defendants.

Case No. 05-C-0169-C

## AMENDED COMPLAINT

Plaintiff, JT Packard & Associates, Inc., by its attorneys, Axley Brynelson, LLP, by Michael S. Anderson and Lori M. Lubinsky, and for its Amended Complaint against Defendants Anthony M. Smith ("Smith") and On Power Services, alleges as follows:

1. Plaintiff JT Packard & Associates, Inc. ("JT Packard"), is a Wisconsin corporation with its principal place of business located at 275 Investment Court, Verona, WI 53593. JT Packard is engaged in the business of consulting on commercial power needs and of selling uninterruptible power supplies and other power-related products, parts, and equipment throughout the United States.

2. Upon information and belief, Smith is an adult residing at 130 Mosby Creek Drive, Hampton, GA 30228.

3. Upon information and belief, On Power Services is a Texas corporation with its principal place of business at 609 East Highway 80, Sunnyvale, TX 75182. On Power Services is engaged in the business of consulting on commercial power needs and of selling uninterruptable power supplies and other power-related products, parts, and equipment.

4. This action was removed to this Court from Dane County Circuit Court by Defendants pursuant to 28 U.S.C. §§ 1332 and 1441(b).

5. This Court has personal jurisdiction over Defendants.

6. Between February 23, 2004, and October 13, 2004, Smith was employed as a Regional Project Manager for JT Packard, which employment was pursuant to contract.

7. As a condition of his employment, on February 23, 2004, JT Packard and Smith entered into a contract entitled "Non-Solicitation Agreement," a true and correct copy of which is attached to this Complaint as Exhibit A. The Non-Solicitation Agreement attached as Exhibit A was executed in Dane County, Wisconsin.

8. Pursuant to the terms of the Non-Solicitation Agreement, Smith agreed that his compensation was provided by JT Packard from JT Packard's office in Dane County, Wisconsin.

9. Pursuant to the terms of the Non-Solicitation Agreement, Smith agreed that the Agreement would be construed, governed by and enforced in accordance with Wisconsin law. Pursuant to said Agreement, Smith also agreed that any action brought relating to the Agreements would be brought in Dane County, Wisconsin.

10. Pursuant to the terms of the Non-Solicitation Agreement, Smith agreed that he would pay JT Packard for its actual costs, including its actual attorneys fees and other costs of litigation, incurred by JT Packard in connection with any legal action or other proceeding which results in the enforcement of any provision of the Agreement.

11. Pursuant to the Non-Solicitation Agreement, Smith acknowledged that he would have frequent and personal contact with JT Packard's customers. Smith also acknowledged that his solicitation of JT Packard's customers following termination would have a significant and adverse effect on JT Packard's business.

12. As a Regional Project Manager for JT Packard, Smith was involved in developing and managing accounts with national facilities management groups, as well as select tier-one customers.

13. Since its inception, JT Packard has expended substantial time and money to develop its business, establish a customer base, establish goodwill and business reputation, and hire, train, supervise, and maintain a force of effective employees.

14. During the period of Smith's employment with JT Packard, JT Packard devoted and invested significant resources to train Smith in JT Packard's business and to provide Smith with the necessary skills, knowledge, and support to effectively market and service JT Packard's clients and to develop and expand JT Packard's customer base for the sole benefit of JT Packard. JT Packard provided Smith with, among other things, employment, training in JT Packard's business techniques, procedures, and pricing, use of JT Packard's information and resources, and exposure to JT Packard's customer and potential customer databases.

15. During the period of Smith's employment with JT Packard, Smith became acquainted with JT Packard's customer accounts, met with JT Packard's customers regularly, developed a personal relationship with JT Packard's customers, and became familiar with the needs and preferences of JT Packard's customers, such that Smith maintained control over the goodwill of JT Packard's business.

16. During the period of Smith's employment with JT Packard, Smith had access to JT Packard's customer information on a company-wide level, and utilized such information, including information regarding customer identities, customer preferences, needs, and ordering habits, customer prices, and customer prospects and targets. Smith also had access to other confidential and sensitive proprietary information belonging to JT Packard.

17. On October 13, 2004, Smith resigned his employment with JT Packard.

18. At some time between October 13, 2004, and the present, Smith obtained and accepted employment with On Power Services, a competitor of JT Packard.

19. At some time between October 13, 2004, and the present, Smith solicited at least two customers of JT Packard with which Smith had contact during his employment with JT Packard.

20. By letter dated December 12, 2004, a copy of which is attached hereto and incorporated herein as Exhibit B, Smith was advised that his employment with On Power Services violated one or more of Smith's Agreements with JT Packard. A copy of Exhibit B was sent to On Power Services via its owner and agent, Cliff Rogers. Since receipt of Exhibit B, On Power Services has been aware that Smith signed a contract as a condition of his employment with JT Packard that prohibited him from soliciting JT Packard's customers as per the terms of the contract.

21. By letter dated February 11, 2005, a copy of which is attached hereto as Exhibit C, one of Packard's Dane County customers terminated its contract with JT Packard for services in Wisconsin and elsewhere and has contracted or otherwise agreed to obtain services from Smith and On Power Services. Smith had contact with this customer while he was employed by JT Packard. Upon information and belief, Smith solicited this customer's business from JT Packard after Smith's termination from JT Packard's employment.

22. Upon information and belief, Smith solicited one of JT Packard's customers even after this lawsuit was initially filed in Dane County Circuit Court on March 4, 2005.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT—NON-SOLICTATION AGREEMENT

23.  JT Packard realleges and incorporates by reference all allegations in the preceding paragraphs of this Complaint.

24.  The Non-Solicitation Agreement is a valid and binding contract between JT Packard and Smith, the covenants contained therein are supported by valuable consideration, and JT Packard has complied with the contract in all material respects.

25.  In the Non-Solicitation Agreement, Smith made covenants and promises, including an agreement that for a period of one (1) year following termination of his employment with JT Packard, he would not solicit, on behalf of any person or entity competing with JT Packard, any customer of JT Packard with which Smith had contact during the one (1) year preceding the date of Smith's termination.

26.  After Smith resigned his termination with JT Packard, Smith breached the Non-Solicitation Agreement by soliciting at least two of JT Packard's customers on behalf of himself and/or his current employer, On Power Services.

27.  As a direct and proximate result of his breach of the Non-Solicitation, Smith has unfairly competed with JT Packard and caused JT Packard to lose business, customers, goodwill and customer referrals. Such damages are ongoing, and Smith's continued breach of the Non-Solicitation Agreement continues to threaten JT Packard's business, such that JT Packard has suffered and will continue to suffer irreparable harm for which legal relief is inadequate if Smith's conduct is not enjoined.

## SECOND CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

28. JT Packard realleges and incorporates by reference all allegations in the preceding paragraphs of this Complaint.

29. Smith has interfered with JT Packard's actual and prospective business relationship with JT Packard's customers through improper means, including but not limited to using confidential information concerning the identity and needs of JT Packard's customers, by interfering with JT Packard's goodwill with its customers, and by otherwise using confidential information regarding JT Packard's customers to obtain an improper competitive advantage.

30. Smith, through his actions, has improperly induced or otherwise caused one or more customers of JT Packard from continuing business relationships with JT Packard.

31. Upon information and belief, Smith's conduct was intentional or with intentional disregard to JT Packard's rights.

32. As a direct and proximate result of Smith's conduct, JT Packard has suffered damages including lost business, customers, goodwill and customer referrals. Such damages are ongoing and Smith's tortious interference with JT Packard's contracts and business relations continues to threaten JT Packard's business, such that JT Packard has suffered and will continue to suffer irreparable harm if Smith's conduct is not enjoined.

## TORTIOUS INTERFERENCE WITH CONTRACT AGAINST ON POWER SERVICES

33. JT Packard realleges and incorporates by reference all allegations in the preceding paragraphs of this Complaint.

34. JT Packard has a valid and binding contract with Smith including, but not limited to, the Non-Solicitation Agreement attached hereto as Exhibit A. On Power Services was aware of this Agreement at least by December 12, 2004, pursuant to Exhibit B.

35. On Power Services intentionally interfered with the Non-Solicitation Agreement between Smith and JT Packard by, among other things, knowingly allowing Smith to solicit JT Packard's customers on behalf of On Power Services in violation of Smith's Non-Solicitation Agreement with Packard. Upon information and belief, On Power Service's interference also included, at a minimum, a request, suggestion, persuasion or other interference to Smith to solicit JT Packard's customers.

36. On Power Services was not justified or privileged to interfere with JT Packard's contract with Smith.

37. As a direct and proximate result of On Power Services' intentional interference with JT Packard's contract with Smith, JT Packard suffered damages, including lost business, customers, goodwill and customer referrals. Such damages are ongoing and On Power Services' tortuous interference with JT Packard's contract with Smith continues to threaten JT Packard's business, such that JT Packard has suffered and will continue to suffer irreparable harm for which legal relief is inadequate if On Power Services' conduct is not enjoined.

WHEREFORE, plaintiff JT Packard & Associates, Inc., demands judgment for:

1. Injunctive relief, both temporary and permanent, enjoining Defendant Smith from soliciting Plaintiff's customers in violation of the Non-Solicitation Agreement, and enjoining Defendant On Power Services from knowingly allowing Smith to solicit Plaintiff's customers in violation of the Non-Solicitation Agreement;

2. Damages in an amount to be determined at trial;

3. Attorneys' fees pursuant to the terms of the Non-Solicitation Agreement;

4. Punitive damages; and

5. Costs and such other relief as the Court deems just and appropriate.

### JURY DEMAND

Plaintiff hereby demands trial by a jury of twelve (12).

Dated this 20th day of April, 2005.

AXLEY BRYNELSON, LLP

*/s/ Michael J. Anderson*

Michael J. Anderson, State Bar No. 1010015
Lori M. Lubinsky, State Bar No. 1027575
2 East Mifflin Street
Post Office Box 1767
Madison, WI 53701-1767
Attorneys for Plaintiff

EXHIBIT A

## NON-SOLICITATION AGREEMENT

**THIS AGREEMENT** is made as of this 23rd day of February, 2004, by and between Anthony Smith, (hereinafter "Employee"), whose employment position is Regional Project Manager, and **JT PACKARD** (hereinafter "Employer").

### WITNESSETH:

**WHEREAS**, Employer is engaged in the business of selling uninterruptible power supplies and related products; and

**WHEREAS**, as part of the employment relationship between Employee and Employer, Employee will have frequent and personal contact with Employer's customers; and

**WHEREAS**, Employer and Employee agree that Employee's solicitation of Employer's customers following termination would have a significant and adverse effect on Employer's business; and

**WHEREAS**, it is the desire and intent of Employer and Employee to specifically recognize and set forth, at least in general terms, the nature and significance of such contacts and certain consequences and conditions of employment relating thereto; and

**WHEREAS**, Employer would not have hired, provided training to, and/or agreed to the continuation of employment of, Employee but for Employee's agreement to the non-solicitation agreements contained herein.

**NOW THEREFORE**, in consideration of the offer of employment, training and/or continued employment of Employee by Employer and of the promises, covenants and acknowledgments set forth herein, it is agreed as follows:

1. <u>Acknowledgment of Protectible Interest in Customer Goodwill.</u>

Employee recognizes and acknowledges that during his/her employment with Employer, he/she will be expected to provide services to Employer's customers, which will require him/her to personally contact current and potential customers, for the purpose of engendering customers' confidence in and reliance upon Employee's skill and expertise, developing relationships of trust with customers, and otherwise promoting and utilizing the goodwill Employer has established with its customers and in the industry in general, all with the help and assistance of Employer.

Employer is not willing to allow its goodwill to become identified with Employee, or to support Employee's efforts to develop personal relationships with Employer customers, without the assurance of reasonable protection against any attempt by Employee to exploit Employer's goodwill and the

relationships Employee develops with Employer customers in a manner that is inconsistent with Employer's best interest.

## I. Consideration.

Employee affirms that he/she is willing to accept the restrictions this Agreement imposes as a condition of obtaining employment with and being provided training by Employer.

## II. Non-Solicitation

A. For a period of one (1) year following termination (voluntary or involuntary) of Employee's employment with Employer, Employee covenants, promises and agrees that he/she will not solicit, on behalf of or for the benefit of any person or entity in competition with Employer, including the Employee, any customer of Employer with which Employee had contact during the one (1) year preceding the date of Employee's termination. For purposes of this Agreement, customer means: (a) any person or entity that purchased any goods or services from Employer within one year prior to the termination of Employee's employment, and (b) any potential customer that Employee had solicited on behalf of Employer within one (1) year prior to termination of Employee's employment.

B. The one (1) year prohibition period is acknowledged to be reasonable and is specifically intended to include such time as is necessary to assign and train a new Employer representative or employee to such customer account and to allow the new representative or employee to resume the business relationship with such account, such that Employer is provided a reasonable opportunity to maintain the customer account.

## III. Waiver of Unintended Effects.

It is not the purpose of this Agreement to preclude Employee from accepting employment or providing services that do not pose a competitive threat to Employer. If Employee wishes to engage in

a business or employment that may involve a violation of the terms of this Agreement but Employee believes that the business or employment will not pose a competitive threat to Employer, Employee agrees to submit to Employer in writing a request to engage in the business or employment, which request must specifically refer to this Agreement. It shall be within Employer's discretion to determine whether such business or employment poses a competitive threat to Employer.

### IV. Breach of Agreement.

Employee acknowledges that the rights and obligations under this Agreement are of a unique and special nature and agrees that such rights and obligations are specifically enforceable in equity such that in the event of a breach or threatened breach by Employee of this Agreement or any of the provisions contained herein, Employer shall be entitled to an injunction enjoining the violation of this Agreement or any provisions contained herein, without waiving its right to any and all additional remedies at law or in equity that are available to Employer.

### V. Attorney Fees.

Employee agrees to pay Employer its actual costs, including its actual attorney fees and all other costs of litigation, incurred by Employer in connection with any legal action or other proceeding which results in the enforcement of any of the provisions of this Agreement.

### VI. No Conflicting Agreement.

Employee represents that there is no agreement(s) with any other party which conflicts with his/her obligations under this Agreement.

## VII. Entire Agreement.

This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, express or implied, between the parties hereto pertaining to the subject matter contained herein.

## VIII. Amendments to Agreement.

The Agreement may not be modified or amended except in writing signed by Employer and Employee or an authorized representative of Employer and Employee.

## IX. Assignment.

This Agreement shall inure to the benefit of any successors or assigns of Employer and shall be enforceable against and/or binding upon any successors, employees, partners, corporations, proprietorships, partnerships, joint ventures, legatees, heirs, and assigns of Employee.

## X. Enforceability.

It is agreed that if any provision of this Agreement is held void and unenforceable, such provision shall not render the entire Agreement or any other provision contained in the Agreement null, void or unenforceable.

## XI. Governing Law.

This Agreement shall be construed, governed by and enforced in accordance with the laws of the State of Wisconsin. Employee understands and agrees that Employer's headquarters are located within Dane County, Wisconsin and that, during the course of his/her employment, Employee will either work out of the Dane County, Wisconsin office or will be supervised and receive compensation from, and have frequent and significant contacts with, Employer's headquarters in Dane County,

Wisconsin, and Employee agrees that any action brought relating to this Agreement shall be brought in state or federal court in Dane County, Wisconsin.

**Notice:** **This Agreement contains restrictions which may affect your future employment opportunities. Please read this Agreement carefully and make sure you understand its terms before signing.**

JT PACKARD

By: _____

Date: 2/25/04

Employee

_____

Date: 02-25-2004

# JT PACKARD™

December 12, 2004

Mr. Anthony M. Smith
130 Mosby Creek Drive
Hampton, GA 30228

Dear Mr. Smith:

On February 15, 2004 you signed three agreements as a condition for employment with JT Packard & Associates, Inc. Copies of these agreements are enclosed. It has come to our attention that you are now employed within the UPS service industry with On Power Services, which, if true, would constitute a violation of one or all of these agreements by you and your current employer. You should share these employment agreements with your current employer immediately.

If these agreements are not complied with, we will be forced to take appropriate legal action.

Sincerely,

Peter Drumm, CPA
General Manager
JT Packard & Associates, Inc.

Cc: Michael S. Anderson, Esq.
Attorney
Axley Brynelson

Mr. Cliff Rogers
On Power Services
609 East Highway 80
Sunnyvale, TX 75182

EXHIBIT B



Certegy Card Services
P.O. Box 8982
Madison, Wisconsin 53708-8982

1850 Deming Way
Middleton, Wisconsin 53562-3532

Phone 608-836-2200
Fax 608-836-2273

February 11, 2005

Jennifer Determann
Account Manager
JT Packard & Associates, Inc.
275 Investment Court
Verona, WI 53493

RE: Cancellation of Service Contract

Certegy, Inc. will not be renewing the service contract with JT Packard & Associates, Inc., as of March 16, 2005.

Sincerely,

Brett E. Nelson
Director
Facility & Security
Certegy, Inc.
608/836-2226

cc: Ginger Harris



EXHIBIT C

:certegy